In July, 1931, defendant corporation entered into a contract with the board of education of the town of Bloomfield for the installation of certain plumbing work in a school in the town. On July 25th, 1932, receivers were appointed in this court for the corporation. At that time, the contract with the board of education was partially completed and by the terms of the contract, upon completion there was to be paid to the defendant the sum of $5,474.25. The receivers and their counsel made a rather extensive investigation as to the possibility of completing the contract for less than the balance remaining unpaid but the best figure they could get for completion was $6,000 and therefore the receivers abandoned the contract and did not complete it. The board of education thereupon had the work completed by an outside contractor at a cost somewhat in excess of the amount of the balance on the contract with defendant.
At the time of the making of the contract between defendant and the school board, defendant gave a completion bond with the Fidelity and Deposit Company of Maryland as surety. The receivers and their counsel ask for a reasonable compensation for their work in investigation in regard to the feasibility of completing the contract. There are no funds in the general estate of the defendant corporation out of which they can be paid and they now ask the court to direct that payment therefore should be made by the board of education and shall be chargeable against the surety company under its bond. *Page 541 
I can see no warrant for directing such a payment. Such services as were rendered in this connection were for the purpose of determining whether the contract should be completed or should be abandoned. In fact, it was abandoned and I can find no authority either in precedent or in reason why the receivers or their counsel should impose this burden on the board of education or the surety company.
As was pointed out in the case of Board of Education, City ofLinden, v. Vail, 108 N.J. Eq. 207, the receiver took cumonere. The only service that was rendered by the receivers and their counsel was for the purpose of determining whether there was a surplus that might be realized by completing the contract for less than the unpaid balance. The board of education had a right to use the unpaid balance or so much of it as might be necessary to complete the contract and to hold the defendant and its surety for any excess cost. In fact, in the instant case, the completion cost was somewhat more than the unpaid balance. The application will be denied.